IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JOHN T. MOODY, )  Civil No.: 6:16-cv-0843-JE
)
      Plaintiff, )  OPINION & ORDER
  v. )
)
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
)
      Defendant. )
_____)

Kathryn Tassinari
Drew L. Johnson
1700 Valley River Drive
Eugene, OR 97401
    Attorney for Plaintiff

Billy J. Williams, U.S. Attorney
Janice E. Hébert, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

Sarah L. Martin
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

JELDERKS, Magistrate Judge:

John T. Moody ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner the of Social Security Administration ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Commissioner concedes that the ALJ erred in several respects and moves (ECF No. 16) for remand. The parties disagree on whether the court should remand for further administrative proceedings or for payment of benefits. For the reasons that follow, the Commissioner's decision is REVERSED and this matter is REMANDED for payment of benefits.

**Procedural Background**

Plaintiff filed his application for DIB and SSI on October 18, 2012, alleging disability beginning September 7, 2012. Tr. 168–206. After Plaintiff's claim was denied initially and on reconsideration, a hearing was convened on November 17, 2014, before Administrative Law Judge ("ALJ") John Michaelson. Tr. 27–53. The ALJ issued a decision on January 5, 2014, finding Plaintiff not disabled. Tr. 8–26. The decision became the final decision of the Commissioner on March 17, 2016, when the Appeals Council denied Plaintiff's subsequent request for review. Tr. 1–4. Plaintiff now appeals to this Court for review of the Commissioner's final decision.

**Background**

Plaintiff was born in 1966 and was 46 years old on the initial alleged onset date. Tr. 32, 67. Plaintiff is a high school graduate and has past relevant work as an auto-body painter. Tr. 216, 240. Plaintiff alleges disability due to chronic systolic heart failure with ejection fraction, coronary artery disease, type two diabetes, severe ischemic cardiomyopathy, ventricular

OPINION & ORDER - 2

fibrillation, chronic systolic heart failure, ejection fraction of 15–25%, and dyslipidemia.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. The five step sequential inquiry is summarized below, as described in Tackett v. Apfel, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

Step One.  The Commissioner determines whether the claimant is engaged in substantial gainful activity. A claimant who is engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step Two.  The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have any such impairment is not disabled. If the claimant has one or more severe impairment(s), the Commissioner proceeds to evaluate the claimant's case under step three. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration ("SSA") regulations. 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has an impairment that meets a listing is presumed disabled under the Act. If the claimant's impairment does not meet or equal an impairment listed in the listings, the Commissioner's evaluation of the claimant's case proceeds under step four. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Step Four.  The Commissioner determines whether the claimant is able to perform work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot perform past relevant work, the

OPINION & ORDER - 3

Commissioner's evaluation of claimant's case proceeds under step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that claimant is able to do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE"), or by reference to the Medical-Vocational Guidelines. 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant is able to do, the claimant is not disabled. If the Commissioner does not meet the burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

At steps one through four of the sequential inquiry, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At step five, the burden shifts to the Commissioner to show the claimant can perform jobs that exist in significant numbers in the national economy. Id.

**The ALJ's Decision**

At the first step of the disability analysis, the ALJ found Plaintiff met the insured status requirements through December 31, 2016, and had not engaged in substantial gainful activity since the alleged onset date, September 7, 2012. Tr. 13.

At the second step, the ALJ found Plaintiff had the following severe impairments: status post myocardial infarction and congestive heart failure secondary to cardiomyopathy with angioplasty and stent defibrillator placement, diabetes mellitus, and obesity. Tr. 13.

At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listings. 20 C.F.R. Part 404, Subpart P, App. 1; Tr. 14.

Before proceeding to the fourth step, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). He found Plaintiff retained the capacity to:

> [P]erform less than sedentary work as defined in [the regulations]. The [Plaintiff] is further limited to no more than frequent stooping, crouching, crawling, kneeling or balancing. The [Plaintiff] should avoid climbing, as well as exposure to unprotected heights, moving machinery and similar hazards.

Tr. 14.

At the fourth step of the disability analysis, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 19.

At the fifth step, the ALJ found that Plaintiff retained functional capacity required to perform jobs that existed in significant numbers in the national economy. Tr. 20. Relying on the VE's testimony, the ALJ cited the following as examples of work Plaintiff could perform: touch up inspector; final assembler, optical; polisher of eyeglass frames. Id. Based upon the conclusion that Plaintiff could perform such work, the ALJ found that Plaintiff was not disabled within the meaning of the Act, from September 7, 2012, through the date of his decision. Id.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at step five of the disability analysis process. Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal

OPINION & ORDER - 5

standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 771 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039–40.

### Discussion

Plaintiff contends that the ALJ: (1) failed to properly weigh the medical opinion evidence; (2) failed to provide clear and convincing reasons for rejecting his symptom testimony; and (3) failed to meet her burden at step five of the sequential evaluation that Plaintiff retains his ability to perform "other work" in the national economy. The Commissioner concedes the ALJ erred in weighing Plaintiff's symptom testimony. However, the Commissioner argues the appropriate remedy is to remand to the agency for further proceedings because "there are conflicts in the medical evidence." Def.'s Br. 3.

### I. Evaluation of the Medical Opinion Evidence

As noted above, Plaintiff contends the ALJ erred in his consideration of the medical opinion evidence. Pl.'s Op. Br. at 12–16. Conversely, the Commissioner argues that the ALJ reasonably considered the opinions of plaintiff's treating providers. Def.'s Br. at 3–7.

### A. Applicable Standards

The ALJ is required to consider all medical opinion evidence and is responsible for resolving conflicts and ambiguities in the medical evidence. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating

OPINION & ORDER - 6

source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)); see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). "The opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Morgan v. Comm'r of the SSA, 169 F.3d 595, 600 (9th Cir. 1999) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (citations omitted)). "The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing 'specific and legitimate reasons' supported by substantial evidence in the record." Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Embrey, 849 F.2d at 421 (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)). Moreover, where "a treating physician's opinion is controverted, the ALJ must provide specific, legitimate reasons for rejecting it." Id. (citing Cotton, 799 F.2d at 1408).

"[A]n ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014). Furthermore, "an ALJ may reject a treating physician's uncontradicted opinion on the ultimate issue of disability only with 'clear and convincing' reasons supported by substantial evidence in the record." Id. "If the treating physician's opinion on the issue of disability is controverted, the ALJ must still provide 'specific and legitimate' reasons in order to reject the treating physician's opinion." Holohan v. Massanari, 246 F.3d 1195, 1203 (9th Cir. 2001) (citations omitted). As such, although it is the Commissioner's sole responsibility to make a finding of disability under the Act, a medical

source—such as a treating physician—may still opine as to a claimant's ability to work; in doing so, the Commissioner must then review all of the medical findings and other evidence that support the opinion and provide a specific and legitimate reason for rejecting the opinion. See 20 C.F.R. §§ 20 CFR 404.1527(d)(1), 416.927(d)(1); see also Ghanim, 763 F.3d at 1161; Holohan, 246 F.3d at 1202–03.

**1. Matthew Trojan, M.D.**

On September 14, 2012, Plaintiff was hospitalized for congestive heart failure. Tr. 470. Upon discharge five days later, he was instructed to follow up with his primary care provider and to schedule an echocardiogram. Tr. 445. Plaintiff was also prescribed a LifeVest, which is an "external cardiac defibrillator." Tr. 313, 372, 445. However, Plaintiff had to return to the emergency room just three days later after "los[ing] consciousness followed by a discharge from his Lifevest," following heart failure. Tr. 435. Matthew Trojan M.D.,—who had treated Plaintiff during his initial hospitalization a few days earlier—was called and he planned to "interrogate the LifeVest"; however, Dr. Trojan was unable to do so because, while in the emergency room, Plaintiff suffered two more episodes of heart failure. Tr. 435, 444. He was ultimately admitted to the hospital. Tr. 470.

After a two week stay in the hospital, Plaintiff was discharged on October 5, 2012. Tr. 308. His treating cardiologist, Dr. Trojan, opined:

> [Plaintiff] was hospitalized with severe cardiomyopathy ventricular fibrillation. His job requires manual labor. *It is unexpected that he will be able to return to work for the foreseeable future. Based upon his clinical response to the therapy it is quite probable that he will not be able to return to work in any significant fashion going forward.* Additionally, during his convalescent phase *he has been encouraged not to return to work and in fact pursue disability*. His expected course is that he will likely have *severe heart failure syndrome with ongoing symptoms* and severely reduced ejection fraction.

Id. (Emphasis added.)

The ALJ summarized Dr. Trojan's opinion, but did not assign any weight to it as required by Social Security Regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). In not providing any reasoning for rejecting Dr. Trojan's opinion, the ALJ deprived this Court of its ability to ensure meaningful appellate review. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (an ALJ must "ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning").

The Commissioner acknowledges that the ALJ "technically erred" in rejecting Dr. Trojan's opinion, but argues that such error was harmless because Dr. Trojan's opinion was a conclusory statement that Plaintiff could not return to his past work and was encouraged to pursue disability. The Commissioner argues that the opinion was "not helpful in defining Plaintiff's functional limitations and resulting residual functional capacity." Def.'s Br. at 6. While it may be true that Dr. Trojan did not list specific functional limitations, "an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." Ghanim, 763 F.3d at 1161. Moreover, among the clinical responses to therapy that Dr. Trojan referenced involved a "stress test" that was terminated per hospital protocols after Plaintiff began experiencing "shortness of breath" and "chest pressure" on a treadmill. Tr. 310, 543. Indeed, a thorough review of the medical record reveals Dr. Trojan based his opinion on numerous clinical findings. See, e.g., Tr. 314 (September 16, 2012: angiogram revealing 15% ejection fraction) Tr. 310 (September 22, 2012: chronic total occlusion of the right coronary artery); Tr. 314 (September 23, 2012: echocardiogram revealing 20% ejection fraction). Finally, this rationale was not articulated by the ALJ in his decision, and, therefore, is not a valid basis to affirm the ALJ's non-disability decision.

See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Therefore, the ALJ failed to provide a specific, legitimate reason for rejecting Dr. Trojan's opinion.

## 2. **Jonathon Stout, M.D.**

Plaintiff's also argues the ALJ erred in weighing the opinion his treating physician, Jonathon Stout M.D. Pl.'s Op. Br. at 13. Dr. Stout offered multiple opinions that plaintiff was disabled; in the most recent he opined:

> I am responding to your request for my opinion about [Plaintiff's] application for Social Security disability. I am in support of that application. [Plaintiff's] medical condition is complex and serious. It includes ischemic cardiomyopathy, congestive heart failure, uncontrolled insulin-dependent diabetes, and significant arthropathy.
>
> I have a basic, if not detailed, understanding of his prior work experience, and that sort of work would not be an option at this time. Determining whether he might be able to perform some limited more sedentary occupation would require extensive testing.
>
> In my opinion, though, an[y] commitment to work would be tenuous in the context of the complexity of his medical management.

Tr. 856. Because Dr. Stout's opinion is contradicted by consultative examiner Andrea Marshall D.O., the ALJ was required to support his rejection of Dr. Stout's opinion with specific, legitimate reasons. Tr. 657–61; Holohan, 246 F.3d at 1202.

The Commissioner argues the ALJ properly declined to assign any weight to the multiple opinions rendered by plaintiff's treating physician Dr. Stout because "whether or not a person is disabled is a decision reserved for the Commissioner." Def.'s Br. at 4. Plaintiff counters that the legal fact that the ultimate power to decide whether a claimant is disabled is not standing alone a specific, legitimate reason for rejecting a medical opinion. Pl.'s Op. Br. at 14; see also Pl.'s Rep.

OPINION & ORDER - 10

Br. at 6. Plaintiff is correct: "an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." Ghanim, 763 F.3d at 1161; Montague v. Colvin, No. 3:15-cv-02399-AA, 2017 WL 123439, at *3 (D. Or. Jan. 11, 2017) ("[P]laintiff is correct that an ALJ may not reject a treating physician's opinion simply because it relates to the ultimate issue of disability."); See also 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

The Commissioner next argues that the ALJ rejected Dr. Stout's opinion because it was not helpful in formulating Plaintiff's RFC. Def.'s Br. at 5. This argument fails for at least two reasons. First, as noted above, this argument was not raised by the ALJ in his decision and, therefore, the Court may not affirm on this basis. See Bray, 554 F.3d at 1225. The ALJ's decision simply states whether a claimant is disabled is a "decision reserved to the Commissioner [and] requires expertise such as that of a vocational expert outside the purview of the claimant's primary care physician," and fails to articulate reasons why Dr. Stout's opinion was "not helpful." Tr. 19.

Second, neither of cases relied upon by the Commissioner control here. In Morgan v. Comm'r of Soc. Sec. Admin., the Ninth Circuit upheld an ALJ's rejection of medical opinion evidence where the ALJ "listed specific examples of how the level of impairment indicated by [the physician] was unreasonable given the description of [the claimant's] symptoms in her reports and other evidence in there record." 169 F.3d 595, 601 (9th Cir. 1999). The ALJ identified no such evidence here.

In Meanel v. Apfel, the Ninth Circuit upheld an ALJ's rejection of medical opinion evidence where the opinion was "conclusory and unsubstantiated by the relevant medical documentation." 172 F.3d 1111, 1114 (9th Cir. 1999), as amended (June 22, 1999) (internal quotation omitted). Whereas here, there is ample evidence throughout Dr. Stout's treatment notes spanning years that support his opinion. See, e.g., Tr. 605 (October 11, 2012: assessing "left heart failure – class III" and noting Plaintiff feeling "light headed all day long"); Tr. 597 (November 12,

OPINION & ORDER - 11

2012: assessing "left heart failure – class III"); Tr. 868 (May 6, 2014: assessing "Left-sided congestive heart failure class III"); Tr. 863 (August 14, 2014: assessing "Congestive Heart Failure Left-sided Class III").[1]

The Commissioner next argues the ALJ properly rejected Dr. Stout's opinion because he could not rule out the possibility that Plaintiff could perform sedentary work. Def.'s Br. at 5. More specifically, the Commissioner asserts *post hoc* that Dr. Stout "thought [Plaintiff] 'might be able to perform some limited more sedentary occupation' if 'extensive testing' were done." Id. at 5 (quoting Tr. 856).

The Commissioner mischaracterizes Dr. Stout's opinion. Dr. Stout's letter did not conclude that Dr. Stout "thought" Plaintiff could perform sedentary work contingent upon Plaintiff undergoing extensive testing as the Commissioner now argues. A plain reading of the letter leads to the opposite conclusion: Dr. Stout could not definitively determine whether it was possible for Plaintiff to transition to a more sedentary occupation absent additional testing, and then opined that any attempt by Plaintiff to work, given the complexity of Plaintiff's condition, would be tenuous. The Commissioner's reliance on Orteza v. Shalala is misplaced. 50 F.3d 748, 750 (9th Cir. 1995). In Orteza, a treating physician opined that the claimant could perform a "sedentary type job," and the Ninth Circuit held that the ALJ reasonably interpreted that opinion as not encompassing

---

[1] The Commissioner acknowledges the ALJ erroneously attributed physician's assistant Alex Zamora ("PA Zamora") opinion to Dr. Stout. During an exam in September 2013, PA Zamora "strongly recommend[ed Plaintiff's] application for disability." Tr. 803. The Commissioner asserts that PA Zamora's opinion is also "unhelpful," "non-specific," and "on an issue reserved to the Commissioner." Def.'s Br. at 7. The Commissioner's argument lacks merit. As discussed above, once a medical source makes a finding of disability, the Commissioner must then review all of the medical findings and other evidence that support that opinion See 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); cf. Ghanim, 763 F.3d at 1161; Holohan, 246 F.3d at 1202–03. Moreover, this argument was not articulated by the ALJ in his decision. See Bray, 554 F.3d at 1225. Indeed, a thorough examination of PA Zamora's treatment notes evidences specific limitations, which the ALJ failed to review. For example, in late October 2013, Plaintiff described self-limiting chest pain that occurred with "any activity." Tr. 803.

OPINION & ORDER - 12

"sedentary work" as technically defined by the Social Security regulations. Orteza, 50 F.3d at 750. Here, plaintiff's treating physician made no similar finding. Indeed, Dr. Stout's opinion noted he would need additional testing to make such a finding. This was not a specific, legitimate reason to discount Dr. Stout's opinion that Plaintiff's return to work would be "tenuous in the context of the complexity of his medical management." Tr. 856.

The Commissioner next argues the ALJ rejected Dr. Stout's opinion because it was inconsistent with Plaintiff's activities as reported in his testimony and function report. Def.'s Br. at 6. This argument lacks merit. The Commissioner cites Morgan for the proposition that an ALJ may reject a medical opinion that is inconsistent with other evidence in the record, including a claimant's daily activities. Morgan, 169 F3.d at 601–02. Here, however, the ALJ identified no such contradiction. The ALJ noted that plaintiff's activities of daily living were consistent with the RFC he adopted, and did not find Plaintiff's daily activities inconsistent with Dr. Stout's opinion. Tr. 19. Moreover, this rationale was not articulated by the ALJ in his decision. See Bray, 554 F.3d at 1225. Therefore, this is not a specific, legitimate reason to discount Dr. Stout's opinion.

When presented with conflicting medical opinions on the issue of disability, "the ALJ must still provide 'specific and legitimate' reasons in order . . . to reject the treating physician's opinion." Holohan, 246 F.3d at 1203; Ghanin, 763 F.3d at 1161. The ALJ failed to do so here, and, as such, his decision is not supported by substantial evidence.

**II. Plaintiff's Symptom Testimony**

Plaintiff alleges that the ALJ improperly discounted his testimony. Pl.'s Op. Br. at 11–12. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his or her] symptoms only by offering specific, clear and convincing reasons for doing so." Garrison,

OPINION & ORDER - 13

759 F.3d at 1014–15 (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). Pursuant to SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016) (superseding SSR 96-7p), the ALJ is no longer tasked with making an overarching credibility determination, and must assess instead whether a claimant's subjective symptom statements are consistent with the record as a whole. The ALJ's decision in this case was issued before SSR 16-3p became effective and there is an absence of binding precedent interpreting this new ruling or addressing whether it applies retroactively. Compare Ashlock v. Colvin, 2016 WL 3438490, at *5 n.1 (W.D.Wash. June 22, 2016) (declining to apply SSR 16-3p to an ALJ decision issued prior to the effective date), with Lockwood v. Colvin, 2016 WL 2622325, at *3 n.1 (N.D.Ill. May 9, 2016) (applying SSR 16-3p retrospectively to a 2013 ALJ decision).

However, SSR 16-3p is a clarification of sub-regulatory policy, rather than a new policy. SSR 16-3p; also compare SSR 16-3p with SSR 96-7p (both policies set forth a two-step process to be followed in evaluating a claimant's testimony and contain the same factors to be considered in determining the intensity and persistence of a claimant's symptoms). In Andre v. Colvin, 6:14-cv-02009-JE (D. Or. Oct. 13, 2016), I concluded that, for this reason, retroactive application of the new SSR is appropriate. See Smolen, 80 F.3d at 1281 n.1 ("We need not decide the issue of retroactivity [as to revised regulations] because the new regulations are consistent with the Commissioner's prior policies and with prior Ninth Circuit case law") (citing Pope v. Shalala, 998 F.2d 473, 483 (7th Cir. 1993)) (because regulations were intended to incorporate prior Social Security Administration policy, they should be applied retroactively). The new SSR clarifies that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p. In other words, "[t]he focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." SSR 16-3p. Rather, "[a]djudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the

OPINION & ORDER - 14

record that is relevant to the individual's impairments." SSR 16-3p. Thus, "it is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered . . . .'" SSR 16-3p. Instead, the finding "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent review can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p.

In evaluating a claimant's subjective symptom testimony, an ALJ must consider the entire record and consider several factors, including the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; medications taken and their effectiveness; treatment other than medication; measures other than treatment used to relieve pain or other symptoms; and "[o]ther factors concerning [the individual's] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. §§ 404.1529(c)(3)(vii), 416.929(c)(3)(vii). If substantial evidence supports the ALJ's determination, it must be upheld, even if some of the reasons cited by the ALJ are not correct. Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1162 (9th Cir. 2008).

In his function report, Plaintiff wrote that, after his hospitalization in October 2012, he now "go[es] to work with [his] girlfriend" and "stays in the car . . . so [he has] someone close by and [is] not home alone" in the event of another episode of heart failure. Tr. 227. He wrote that he helps with household chores by "[f]olding clothes," although needs to sit down to do so. Tr. 229. He does not drive because of his LifeVest and his fear of passing out. Tr. 230. Since the onset of his heart condition, he feels "[s]cared all the time, of [his] heart stop[ping] or the life vest go[ing] off." Tr. 233.

At the November 2014 hearing, Plaintiff testified that the "side effects of [his] medication" were the principle obstacles to him returning to work. Tr. 35. Those side effects included

OPINION & ORDER - 15

dizziness, trouble balancing, and fatigue. Tr. 35. With regard to his cardio therapy Plaintiff testified: "I try to go for my walks. I try do what the cardiologist told me to do, but I get so tired that, like I said, a couple times a day I need to lay down for a half hour or so." Tr. 35. When asked by his attorney about the frequency, duration, and timing of his recuperation sessions Plaintiff testified he has to lie down "pretty much every day . . . between 10:00 and 11:00 and around 2:00 or so"; and that he tries "to keep it to like a half hour, 45 minutes[.]" Tr. 42.

As noted above, the Commissioner concedes the ALJ erred in discrediting Plaintiff's symptom testimony.[2]

## V. **Remand**

When a court determines the Commissioner's ultimate disability decision includes legal error or is unsupported by substantial evidence, the court may affirm, modify, or reverse the decision by the Commissioner "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); Treichler, 775 F.3d at 1099. However, where it is clear from the record that an ALJ's error was "inconsequential" to the ultimate decision, the error is considered harmless and the decision must be upheld. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1055–56 (9th Cir. 2006). Here, the ALJ failed to provide legally sufficient reasons to discredit Plaintiff's testimony and the medical opinions provided by Drs. Trojan and Stout. This was harmful to the extent the RFC and step five determinations were adversely impacted. Because these errors affected the ultimate determination of non-disability, remand is appropriate.

---

[2] In so conceding, the Commissioner directs the Court to alleged "conflicts in the medical evidence." Def.'s Br. at 3. Those arguments are discussed in greater detail in the Remand section of this opinion. The Court notes, however, that the Commissioner's assertion that Plaintiff bears the burden of establishing he is "unequivocally disabled" is not the standard that governs Social Security disability determinations. See 20 C.F.R. §§404.953, 416.1453. Moreover, as the ALJ found at step four of the sequential evaluation plaintiff was unable to return to past relevant work, the burden now rests with the Commissioner to establish Plaintiff can perform jobs that exist in significant numbers in the national economy. Tackett, 180 F.3d at 1098.

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. See, e.g., Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. Garrison, 759 F3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" Id. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. Dominguez, 808 F.3d at 407 (citing Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. As to the second requisite, the Commissioner asserts there are conflicts in the medical evidence, and conflicts between the medical evidence and Plaintiff's allegations. The Commissioner points to the opinion of consultative examiner Dr. Marshal, and argues that because she found Plaintiff could perform light work, a finding of disability here would be premature. Def.'s Br. at 8. I find this rationale unpersuasive. Here, the Commissioner can point to only one consultative examiner's opinion in the record that contradicts any aspect of Plaintiff's evidence of disability.

OPINION & ORDER - 17

See Page v. Colvin, No. 14-cv-02870-DMR, 2016 WL 1110263, at *12 (N.D.Cal. Mar. 22, 2016) (finding further proceedings "would serve no useful purpose" and remanding for payment of benefits where a treating physician endorsed disability despite a conflicting consultative examiner opinion).

The Commissioner, elsewhere in her briefing, argues—seemingly relevant to the second credit-as-true requisite—that a remand for further proceedings is appropriate because the error committed by the ALJ here is analogous to the errors in Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015) and Treichler., 775 F.3d at 1099. In both Brown-Hunter and Treichler, an ALJ improperly rejected the claimant's symptom testimony. 806 F.3d at 494; 775 F.3d at 1102–03. However, beyond that fact, Brown-Hunter and Treichler provide little guidance here because further administrative proceedings in those cases "served a useful purpose" only because "the record raised *crucial* questions" in light of "inconsistencies between [the claimants'] testimony and the medical evidence in the record." Brown-Hunter, 806 F.3d at 496 (quoting Treichler, 775 F.3d at 1105) (emphasis added). For example, the Treichler Court pointed to "*significant factual conflicts* in the record between [the claimant's] testimony and objective medical evidence." Treichler, 775 F.3d at 1105 (emphasis added). Based on the significant conflicts in the medical evidence, the Ninth Circuit concluded that a remand for further proceedings, rather than payment of benefits, was the appropriate remedy. Id. at 1107.

Here, by contrast, the medical evidence of record—except for a single consultative examiner's opinion[3]—is fully consistent with Plaintiff's testimony and claim. See Tr. 308 (Dr. Trojan: "Based upon his clinical response to the therapy it is quite probable that he will not be able to return to work in in any significant fashion going forward."); Tr. 856 (Dr. Stout: "In my

---

[3] The Court notes that Dr. Marshall's exam lasted only thirty minutes and it appears from the record she only reviewed three of Plaintiff's medical records from a one month span in November of 2012. Tr. 657.

OPINION & ORDER - 18

opinion, though, an[y] commitment to work would be tenuous in the context of the complexity of his medical management."); Tr. 805 (PA Zamora: "I strongly recommend his application for disability.").[4] Neither Brown-Hunter nor Treichler are controlling here because there are no *significant conflicts* in this record. Cf. Page v. Colvin, No. 14-cv-02870-DMR, 2016 WL 6835075, at *6 (N.D.Cal. Nov. 20, 2016) (denying motion to amend judgment awarding benefits and explaining that "[m]edical evidence is, of course, rarely if ever unanimous in [social security] proceedings"). Other than summarizing Dr. Marshall's opinion and asserting her finding that Plaintiff could perform light work conflicts with Plaintiff's "disability allegation and the conclusory opinion of his treating providers," the Commissioner has not directed the Court to specific *significant conflicts* between Plaintiff's testimony and the medical evidence. Def.'s Br. at 8; Treichler, 775 F.3d at 1105–07. Moreover, allowing the ALJ to revisit Plaintiff's testimony and medical opinions he rejected for legally insufficient reasons does not qualify as a remand for a "useful purpose." See Garrison, 759 F.3d at 1021 (citing Benecke v. Barnhart, 379 F.3d 587, 595(9th Cir. 2004)) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

As to the third requisite, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand because Plaintiff testified that due to fatigue he has

---

[4] The Commissioner also asserts PA Zamora's treatment notes assessing a heart failure level lower than Plaintiff's treating physician creates a conflict that "precludes a finding of disability." Def.'s Br. at 9. I find this argument unpersuasive for three reasons. First, both of the treatment notes the Commissioner directs the Court to show PA Zamora's assessments progressively worsening. Tr. 803 (October 2013: Class I–II heart failure); Tr. 800 (November 2013: Class II heart failure). Second, she endorsed Plaintiff's disability claim. Tr. 803. Finally, Plaintiff's treating physician—whose opinion the ALJ neglected to assign any amount of weight to—consistently assessed Plaintiff as Class III. See Tr. 870, 883. On this record, therefore, I do not find "*significant factual conflicts* in the record between [Plaintiff's] testimony and objective medical evidence." Treichler, 775 F.3d at 1104 (emphasis added). Additionally, I decline to resolve the parties' competing interpretations of the class of heart failure Plaintiff suffers from. As discussed below, the issue is not dispositive because crediting Plaintiff's symptom testimony as true compels a finding of disability.

to rest for at least thirty minutes in the mid-morning and early afternoon, and the vocational expert testified that if a person with Plaintiff's "age, education, background, work background . . . would need to lie down" for "half an hour in the morning and a half hour in the afternoon," he would be incapable of sustaining gainful employment. Tr. 35, 42, 49; see Lingenfelter, 504 F.3d at 1041 (crediting plaintiff's testimony as true combined with VE testimony, established disability and remand for immediate payment of benefits was proper).

If a court concludes, as in this case, that a Plaintiff meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act." Garrison, 759 F.3d at 1020–21 (citations omitted).

Furthermore, considering the record as a whole, I conclude that there is no reason for serious doubt as to whether Plaintiff is disabled. See Garrison, 759 F.3d at 1021. As such, I have no reservation crediting the erroneously discredited testimony as true and remanding this case for immediate calculation and payment of benefits.

## Conclusion

For the reasons discussed above, the Commissioner's ultimate decision was not based on substantial evidence and free of harmful legal error. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for immediate calculation and payment of benefits.

DATED this 11th day of October, 2017

/s/ John Jelderks
John Jelderks
United States Magistrate Judge